William Webb Farrer (SBN 95276)
LAW OFFICES OF WILLIAM WEBB FARRER
300 Montgomery Street, Suite 600
San Francisco, California 94104
(415) 765-9100
(415) 765-9109 (fax)

Attorneys for Creditor
Stella Chen

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN aka DENNIS YAN,<br><br>        Debtor.<br><br>———————————————————<br><br>DEMAS YAN a/k/a DENNIS YAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>DONG FU (aka Tony Fu aka Dong Xing Fu), et al,<br><br>        Defendants.<br><br>———————————————————<br><br>WEI SUEN, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>DEMAS YAN, et al,<br><br>        Defendants.<br><br>——————————————————— | Case No. 04-33526<br>Chapter 11<br><br><br><br><br><br>**NOTICE OF REMOVAL**<br>(28 U.S.C. § 1446; Fed R. Bankr. Pro.9027)<br><br><br><br>CONSOLIDATED ADVERSARY<br>PROCEEDING NO. |

        Creditor, defendant and cross-complainant Stella Chen ("Chen") submits this Notice of

Removal pursuant to 28 U.S.C. Section 1446 and Rule 9027 of the Federal Rules of Bankruptcy

Notice of Removal (1319\P016.WWF)     - 1 -

Procedure, in support thereof respectfully alleges as follows:

1. On November 13, 2002, Demas Yan, a/k/a Dennis Yan, the debtor herein ("Yan") made, executed and delivered a written Installment Note (the "Note"), pursuant to which Yan agreed to pay Chen the sum of $450,000.00 upon the sale of certain improved real property he owns at 663 Chenery Street, San Francisco, California (the "Property). The Note expressly requires Yan to market the Property until it is sold in order to pay off the Note. The Note also includes an attorney's fee clause entitling Chen to collect the legal fees incurred to enforce it.

2. To secure performance and repayment of the Note, on November 13, 2002, Yan made, executed and delivered a Short Form Deed of Trust and Assignment of Rents against the Property in favor of Chen which was thereafter duly recorded in the San Francisco County Recorder's Offices as Document No. 2002-H291694-00 (the "Deed of Trust"). The Deed Of Trust includes an attorney's fee clause entitling Chen to collect the legal fees incurred to enforce it.

3. Thereafter, Yan built four condominiums on the Property, including three residential units with street addresses of 663 and 665 Chenery St. and 70 Wilder Street, San Francisco, and one commercial unit located at 661 Chenery Street, San Francisco.

4. Consistent with his obligation to market the Property until the Note was paid off, on or about September 25, 2003, Yan entered into a written purchase and sale agreement to sell the commercial unit located at 661 Chenery Street for the sum of $418,000. In connection with that sale, on January 8, 2004, Yan made, executed and delivered Escrow Instructions instructing Old Republic Title Company to pay off the Note in full.

5. In connection with the sale of 661 Chenery Street, on or about January 12, 2004, Yan made, executed and delivered revised Escrow Instructions instructing Old Republic Title Company to pay off the Note in full and agreeing to market the remaining condominiums until the balance due on the Note was paid, among other things.

6. Thereafter, Yan refused to close the sale of 661 Chenery Street and, instead, filed a lawsuit against Chen in San Francisco Superior Court (Case No. 04-428960) claiming the Note and Deed of Trust are unsupported by consideration and therefore unenforceable.

7. On March 30, 2004, the Superior Court denied Yan's motion for a preliminary

1 injunction restraining Chen from foreclosing on the Property

2     8. On September 1, 2004, Chen commenced non-judicial foreclosure proceedings
3 against the Property under the Deed of Trust by recording a Notice of Default.

4     9. On November 15, 2004, the Superior Court denied Yan's second motion to enjoin
5 Chen from foreclosing on the Property.

6     10. Yan did not cure the Notice of Default so, on December 2, 2004, Chen recorded a
7 Notice of Trustee's Sale against the Property scheduling a trustee's sale for December 28, 2004.

8     11. On December 6, 2004, Yan filed a second lawsuit against Chen (Case No. 04-
9 436872) seeking virtually identical relief to that sought in his pending action against Chen (i.e.,
10 Case No. 04-428960) and applied again to the Superior Court for an injunction restraining Chen's
11 foreclosure sale. On December 13, 2004, the Superior Court again denied Yan's third motion for
12 an injunction finding that he had not shown a reasonable probability that he would prevail on the
13 merits of his claims or that he would be irreparably injured.

14     12. Rather than cure the monetary and non-monetary defaults under the Notice of
15 Default and Notice of Trustee's Sale, on December 19, 2004, Yan commenced the above-
16 captioned bankruptcy case by filing a Voluntary Petition under Chapter 11 of the Bankruptcy Code
17 for the sole purpose of restraining Chen's non-judicial foreclosure sale which the Superior Court
18 had denied three separate times.

19     13. On December 22, 2004, Yan voluntarily dismissed his second lawsuit against
20 Chen.

21     14. On January 25, 2005, the Superior Court entered an order consolidating Yan's
22 lawsuit against Chen with a second lawsuit that Wei Suen filed against Yan to collect his profit
23 from the sale of the Property.

24     15. In connection with his bankruptcy filing, Yan contends that he cannot reorganize
25 and cannot even submit a plan of reorganization until the nature, extent and validity of Chen's
26 Deed of Trust are determined. However, since that time, Yan has done absolutely nothing to seek
27 that determination or resolve that claim.

28     16. On January 25, 2005, Chen filed an adversary proceeding (Case No. 05-03236)

LAW OFFICES OF WILLIAM WEBB FARRER
300 MONTGOMERY STREET, SUITE 600
SAN FRANCISCO, CA 94104
(415) 765-9100

LAW OFFICES OF WILLIAM WEBB FARRER
300 MONTGOMERY STREET, SUITE 600
SAN FRANCISCO, CA 94104
(415) 765-9100

1 against Yan seeking a determination of the nature, extent and validity of her Deed of Trust. The
2 following day, Chen's counsel sent a letter to Yan's counsel offering to have that dispute heard
3 and decided by the above-entitled court "as quickly as possible." Yan's counsel did not respond to
4 that request. In addition, on January 26, 2005, Chen's counsel requested Yan's counsel to meet
5 and confer regarding initial disclosures in that adversary proceeding, but, to date, he has failed and
6 refused to do so. After requesting and receiving an extension of time to respond to that complaint,
7 the debtor failed to do so, so on March 9, 2005, Chen submitted a request for entry of default.
8 The following day the debtor filed his answer to that complaint.

9     17.    The consolidated Yan and Suen lawsuits are civil actions over which this Court
10 has original jurisdiction under the provisions of 28 U.S.C. § 1334 (b) in that the allegations made
11 therein affect property of the above-captioned estate. Accordingly, Chen seeks removal of the
12 consolidated Yan and Suen lawsuits to the United States Bankruptcy Court, Northern District of
13 California, San Francisco Division on the grounds the claims made therein concern and affect
14 property of this bankruptcy estate and are therefore removable pursuant to 28 U.S.C. §§ 1441 and
15 1452. In addition, Chen requests that the removed, consolidated Yan and Suen lawsuits be
16 assigned to Judge Carlson so that the claims made therein can be considered and adjudicated in the
17 context of the Adversary Proceeding which is currently pending before Judge Carlson.

18     18.    Upon removal, the consolidated Yan and Suen lawsuits are core proceedings
19 pursuant to 28 U.S.C. §§ 157 (2) (A) and (E) and (O). To the extent the Yan and Suen lawsuits are
20 determined to be non-core, then Chen consents to entry of final orders or judgment by the
21 bankruptcy judge.

22     WHEREFORE, Chen prays that the consolidated Yan and Suen lawsuits now pending in
23 the San Francisco Superior Court and bearing Case Nos. 04-428960 and 04-433246 entitled
24 <u>Demas Yan</u> v. <u>Dong Fu, et al</u>. and <u>Wei Suen</u> v. <u>Demas Yan, et al.</u>, respectively, be removed to this
25 Court and assigned to Judge Carlson for further proceedings.

26 Dated: March 17, 2005    LAW OFFICES OF WILLIAM WEBB FARRER

27     By  /s/
    William Webb Farrer,
28     Attorney for Stella Chen